IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JAVIER MERCADO-VAZQUEZ,<br><br>Plaintiff,<br><br>v.<br><br>VIRGILIO OLIVERA-OLIVERA, et al.,<br><br>Defendants. | CIVIL NO. 21-1620 (CVR) |

**OPINION AND ORDER**

**INTRODUCTION**

Javier Mercado-Vázquez ("Plaintiff") is a former employee of the Municipality of San Germán who seeks redress for alleged politically motivated adverse employment actions taken against him by municipal officials.  Defendants are Virgilio Olivera-Olivera ("Olivera"), sued in his personal and official capacity as Mayor of San Germán, and Víctor González-Morales ("González") (collectively "Defendants"), also sued in his personal and official capacity as Director of the Municipal Federal Programs Department.  Both Defendants are members of the New Progressive Party ("NPP").  Plaintiff alleges that, after the change in municipal government in 2020, Defendants removed him from his position and appointed him to a job with a lesser salary, harassed and discredited him, falsely accused him, subjected him to inferior working conditions and ultimately refused to renew his appointment, all because of his political affiliation to the Popular Democratic Party ("PDP").

Before the Court is Defendants' "Motion to Dismiss for Failure to State a Claim Under Federal Rule of Civil Procedure 12(b)(6)." (Docket No. 14).  Defendants aver that

Plaintiff's complaint does not meet the United States Supreme Court's pleading standards set forth in Bell Atlantic v. Twombly, 550 U.S. 544, 127 S.Ct. 1955 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937 (2009), insofar as it fails to establish that Defendants had knowledge of Plaintiff's political affiliation, or that it was a substantial or motivating factor in the refusal to renew the appointment. Thus, they argue the Court cannot determine whether political animus was the true motive behind Defendants' actions. Defendants also request dismissal of a claim brought under a local alternative dispute resolution law for failure to exhaust remedies. In the alternative, Defendants posit they are entitled to qualified immunity.

Plaintiffs opposes the request, alleging that his Complaint meets the standards established by the Supreme Court, that exhaustion was not required since the Municipality of San Germán lacked a dispute resolution program, and that application of the qualified immunity defense should be denied. (Docket No. 15).

The Court DENIES Defendants' Motion to Dismiss for the reasons explained below.

## STANDARD

Federal Rule of Civil Procedure 8(a) requires plaintiffs to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A "short and plain" statement needs only enough detail to provide a defendant with " 'fair notice of what the … claim is and the grounds upon which it rests.' " Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965 (2007); see also Erickson v. Pardus, 551 U.S. 89, 93, 127 S.Ct. 2197 (2007) ("Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement….' Specific facts are not necessary."). In order

Case 3:21-cv-01620-CVR   Document 29   Filed 10/18/22   Page 3 of 9

Javier Mercado Vázquez v. Virgilio Olivera Olivera, et al.
Opinion and Order
Civil 21-1620 (CVR)
Page 3
_____

to show an entitlement to relief, a complaint must contain enough factual material "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." See Twombly, 550 U.S. at 555, 127 S.Ct. 1955.

When considering a motion to dismiss, the Court's inquiry occurs in a two-step process under the current context-based "plausibility" standard established by Twombly and Iqbal. First, the Court must "accept as true all of the allegations contained in a complaint[,]" discarding legal conclusions, conclusory statements and factually threadbare recitals of the elements of a cause of action. Iqbal, 556 U.S. at 663. The court "need not accept as true legal conclusions from the complaint or 'naked assertion[s]' devoid of 'further factual enhancement.'" Maldonado v. Fontanes, 568 F.3d 263, 268 (1st Cir. 2009).

Under the second step of the inquiry, the Court must determine whether, based upon all assertions that were not discarded under the first step of the inquiry, the complaint "states a plausible claim for relief." Iqbal, 556 U. S. at 670. This second step is "context-specific" and requires that the Court draw from its own "judicial experience and common sense" to decide whether a plaintiff has stated a claim upon which relief may be granted or whether dismissal is appropriate. Id.

## LEGAL ANALYSIS

### A. The complaint meets the standards established by the Supreme Court in Twombly.

The Court accepts Plaintiff's allegations as true for purposes of the Motion to Dismiss. Ponsa-Rabell v. Santander Sec., LLC, 35 F.4th 26, 30 (1st Cir. 2022); O'Brien v.

Deutsche Bank Nat'l Tr. Co., 948 F.3d 31, 35 (1st Cir. 2020). In synthesis, as is the unfortunate norm in Puerto Rico every four (4) years, the 2020 election cycle brought about a change in the Municipality of San Germán City Hall and with it, personnel changes. The Municipality of San Germán ceased to be run by the PPD, the political party which had been in power for twenty (20) years, and co-Defendant Olivera from the NPP was elected Mayor. Plaintiff alleges he was immediately dismissed from his position as Sergeant at Arms and was appointed instead to a position funded by a Community Development Block Grant of the U.S. Department of Housing and Urban Development at a lower salary, an appointment which was not renewed. In between, Plaintiff was harassed by co-Defendant González, his supervisor, was discredited, and co-Defendant Mayor Olivera made politically motivated comments and demanded political patronage to the NPP in exchange for continued employment.

In Ocasio Hernández v. Fortuño Burset, 640 F.3d 1 (1st Cir. 2011), the Court of Appeals for the First Circuit held that an actionable claim of political discrimination consists of four elements: "(1) that the plaintiff and defendant have opposing political affiliations, (2) that the defendant is aware of the plaintiff's affiliation, (3) that an adverse employment action occurred, and (4) that political affiliation was a substantial or motivating factor for the adverse employment action." Ocasio Hernández, 640 F.3d at 13 (*quoting* Lamboy-Ortiz v. Ortiz-Vélez, 630 F.3d 228, 239 (1st Cir. 2010)).

After reviewing the Complaint in the instant case, the Court finds that the allegations are sufficient to meet the Twombly standard of plausibility. While it is true that the four elements cited in Ocasio Hernández form the essence of a *prima facie* case of political discrimination, as previously mentioned, the pleading standard under

Twombly mandates only two things at this stage of the proceedings, to wit, "a short and plain statement of the claim showing that the pleader is entitled to relief", and with enough detail to provide a defendant with " 'fair notice of what the... claim is and the grounds upon which it rests", nothing more. Twombly, 550 U.S. at 555.

Furthermore, as Twombly has clearly suggested, requiring a plaintiff to show a plausible entitlement to relief is not the same as imposing a heightened pleading requirement. Therefore, no "specific facts" that would prove the claim at trial are necessary at this stage - any facts that serve to state a claim for relief that is plausible on its face, even if improbable, is enough. Thus, proving a *prima facie* case, as Defendants argue, is not required at the motion to dismiss stage, a norm which the First Circuit has reiterated on several occasions. See Landrón & Vera, LLP, v. Somoza Colombani, No. 12-1858, 2013 WL 2422807, at *5 (D.P.R. June 13, 2013) ("A *prima facie* case is not the appropriate benchmark for determining whether a complaint has crossed the plausibility threshold"); Rodríguez-Reyes v. Molina-Rodríguez, 711 F.3d 49, 51 (1st Cir. 2013). The Court's only role at this stage is to determine whether the claims are plausible on the facts alleged. The Court finds they are.

Regarding the first and third elements, Plaintiff alleges that Defendants and himself are from different political parties, and that an adverse employment action occurred, insofar as Plaintiff was removed from his Sergeant at Arms position and his subsequent appointment, which had a lower salary, was not renewed.

As to the second prong, Defendants' knowledge of Plaintiff's political affiliation, Plaintiff avers that co-Defendant Olivera and others made politically charged comments directly to him. This is sufficient to meet the knowledge requirement.

Further buttressing this conclusion is the fact that <u>Ocasio Hernández</u> also required the Court to "evaluate the cumulative effect of the factual allegations…..", so as to then determine whether all those facts as alleged, and viewed in a light favorable to Plaintiff, render the requested relief plausible. <u>See</u> <u>Ocasio Hernández,</u> 640 F.3d at 14 (explaining that the complaint should be "read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, in plausible").

This, in turn, requires the Court to consider whether the information regarding Plaintiff's political affiliation was potentially accessible to Defendants from sources other than himself. These facts obviously knock on the plausibility door when the Court considers that San Germán is not a large town, people know each other, and everyone generally knows other people's party affiliations, particularly if they are heavily involved in politics. The Complaint also alleges that Plaintiff participated in former PDP Mayor's José A. Ramos-Comas Advance Team since 1992, and has served as a PDP Polling Station Officer, PDP Electoral Unit Deputy Coordinator, PDP Ward Leader, PDP Youth Leader, PDP Alternate Local Electoral Commissioner and was eventually PDP local Electoral Commissioner for electoral precinct 43. The Complaint also claims that the 2020 San Germán mayoral election was hotly contested, where the PDP candidate lost by a narrow margin, and Plaintiff received heavy public exposure due to his role as PDP Electoral Commissioner. Examining these allegations as a whole, and making all inferences in favor of Plaintiff, as the Court must do, they make for a plausible claim at this stage that Defendants had knowledge of his political affiliation.

Finally, prong number 4, that political affiliation was a substantial or motivating factor for Defendants' actions, is also met. The fact that Plaintiff was removed from his

trust position as Sergeant at Arms immediately after the election, was investigated and was falsely accused of work-related misconduct without due process and had a written warning placed on his record weighs heavily against Defendants' arguments, and "unquestionably contributes at the motion to dismiss stage to the reasonable inference that the employment decision was politically motivated." Ocasio Hernández, 640 F.3d at 18. After being removed from his previous position, Plaintiff was then appointed Technician in Charge of Household Rehabilitation at a lower salary, an appointment which Defendants did not renew, leaving Plaintiff destitute. The Complaint also asserts political harassment in the form of comments from the Mayor and other NPP employees, and workplace harassment from co-Defendant González. As nominating authority, it was co-Defendant Olivera who decided not to renew Plaintiff's appointment, notwithstanding that there was a continuing need for Plaintiff's services and federal funding was available, and seemingly ignored Plaintiff's complaints against co-Defendant González' harassing conduct. All these facts militate against Defendants' arguments.

Taken together, the above is enough to bring the facts in the Complaint into the plausible category. Whether discovery will conclusively establish this conduct remains to be seen and will undoubtedly be the subject of further dispositive motions and ultimately for the jury to determine at trial as the ultimate factfinders. The same applies to Defendants' argument that the allegations are insufficient for the Court to determine whether Defendants' actions were governed by political animus. Intent is a matter for Defendants to disprove during their presentation of the evidence, and for the jury to decide at trial.

### B. Alleged failure to exhaust remedies under a local alternative dispute resolution law is not ripe.

Defendants raise an additional argument for dismissal of the claims pertaining to Act 90-2020, "Act to Proscribe and Prevent Workplace Harassment", alleging Plaintiff failed to exhaust this remedy before filing the present case. Although Defendants cite to the law, they do not cite a single case in support of their request for dismissal under this statute. This situation, coupled with Plaintiff's arguments that the Municipality of San Germán did not have an alternative dispute resolution program in place and, therefore, was unable to comply with Act 90-2020, is enough to make this issue unripe for determination at this stage.

Therefore, this claim is denied without prejudice of being raised at a later date, if appropriate, on a more fully developed record.

### C. Qualified Immunity.

As to the qualified immunity defense, Defendants contend that Plaintiff failed to set forth a *prima facie* case of political discrimination. As such, Defendants proffer they are protected by this doctrine and the case should be dismissed.

The Court found herein that Plaintiff presented enough facts to meet the plausibility standard and declined to dismiss the political discrimination claim. As such, the Court must also deny the request to dismiss based on qualified immunity without prejudice. Defendants are free to revisit this argument on a developed record, at the summary judgment stage should they deem it necessary.

### CONCLUSION

For the above-mentioned reasons, co-Defendants' Motion to Dismiss (Docket No.

Case 3:21-cv-01620-CVR   Document 29   Filed 10/18/22   Page 9 of 9

Javier Mercado Vázquez v. Virgilio Olivera Olivera, et al.
Opinion and Order
Civil 21-1620 (CVR)
Page 9
_____

14) is DENIED.

    IT IS SO ORDERED.

    In San Juan, Puerto Rico, on this 18th day of October 2022.

                                  S/CAMILLE L. VELEZ-RIVE
                                  CAMILLE L. VELEZ RIVE
                                  UNITED STATES MAGISTRATE JUDGE